UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUISA RAMIREZ,<br><br>                                       Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 through 20,<br><br>                                       Defendants. | Case No.:  24-CV-1197 TWR (LR)<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATIONS (1) TO STRIKE "JOINT" STATEMENT OF UNDISPUTED FACTS, AND (2) FOR LEAVE TO FILE A SUR-REPLY**<br><br>(ECF Nos. 59-2, 60, 61) |

Presently before the Court are Plaintiff Luisa Ramirez's *Ex Parte* Applications to Strike Joint Statement of Undisputed Facts Filed by Defendant Costco Wholesale Corporation [ECF 59] ("*Ex Parte* App. to Strike," ECF No. 60) and for Leave to File a Sur-Reply to Defendant Costco Wholesale Corporation's Reply Memorandum in Support of Defendant's Motion for Summary Judgment ("*Ex Parte* App. for Sur-Reply," ECF No. 61). Defendant filed oppositions to each of Plaintiff's *Ex Parte* Applications on October 8, 2025.[1] (*See* ECF No. 62 ("Sur-Reply Opp'n"), 63 ("Strike Opp'n").)  After first addressing

---

[1]      Pursuant to Section III.C.3 of the undersigned's Standing Order for Civil Cases, "[i]f a party intends to oppose an *ex parte* application, that party must file a notice as soon as practicable and within twenty-four (24) hours of the filing of the *ex parte* application stating their intent to oppose the *ex parte* application and the date on which the opposition will be filed." Although the Court would be well within

Defendant's arguments concerning the propriety of *ex parte* relief in this instance, the Court addresses each of Plaintiff's *Ex Parte* Applications in turn.

## I.  Propriety of *Ex Parte* Relief

As an initial matter, Defendant questions whether Plaintiff's requests are appropriately brought *ex parte*. (*See* Sur-Reply Opp'n at 2, 3–4; Strike Opp'n at 5–6.) Defendant is correct that, "[i]n our adversary system, *ex parte* motions are disfavored." *Ayestas v. Davis*, 584 U.S. 28, 40–41 (2018). Although "opportunities for legitimate ex parte applications are extremely limited," *Maxson v. Mosaic Sales Sols. U.S. Operating Co.*, No. 2:14-CV-02116-APG, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015) (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)), "they have their place." *See Ayestas*, 584 U.S. at 40–41. Specifically, *ex parte* relief is appropriate where the moving party can "show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

The hearing on Defendant's Motion for Summary Judgment is scheduled for November 13, 2025. (*See* ECF No. 45.) Accordingly, neither the Court nor the Parties have the luxury of the leisurely briefing schedule that a properly noticed motion to strike or for leave to file a sur-reply would entail and that would provide Plaintiff's requested relief too late to be of any use. The Court is also sufficiently persuaded that Plaintiff is without fault in creating the circumstances that have necessitated *ex parte* relief. The Court therefore concludes that Plaintiff's *Ex Parte* Applications are not improper.

/ / /

---

its rights to strike Defendant's untimely oppositions—which span nearly 200 pages of argument, declarations, and exhibits and, consequently, have required the Court to expend significant additional time and resources—the Court would prefer to resolve the *Ex Parte* Applications on as full a record as possible.

## II. Plaintiff's *Ex Parte* Applications

### A. Ex Parte *Application to Strike "Joint" Statement*

Plaintiff contends that Defendant's "Joint Statement of Undisputed Material Facts Pertaining to Defendant Costco Wholesale Corporation's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment" ("Joint Statement," ECF No. 59-2), "does not comply with chambers rules of Fed. R. Civ. P. 11, is not the product of a meaningful meet and confer effort, and was not signed by Plaintiff." (*See Ex Parte* App. to Strike at 1.) Plaintiff therefore "seeks an order striking the purported Joint Statement, requiring the parties to meet and confer, and setting a new deadline for filing a conforming Joint Statement that reflects the intention of both parties." (*See id.* at 2.) Defendant opposes on the grounds that Plaintiff fails to "identify any rule Plaintiff claims was violated." (*See* Strike Opp'n at 7.)

Section III.B.6 of the undersigned's Standing Order for Civil Cases provides that "the parties must meet and confer to arrive at a joint statement of undisputed material facts." "[O]ne of the reasons the undersigned requires the parties to file a joint statement of undisputed facts is to assist both the parties and the court in 'cutting to the chase,' so to speak, about whether there are genuine issues of material fact (which is the applicable standard on a motion for summary judgment)." *See Morrow v. City of Oakland*, No. C 11-02351 LB, 2013 WL 841280, at *2 (N.D. Cal. Mar. 6, 2013). The Joint Statement Defendant filed in this case is "joint" in name only—it was filed unilaterally, (*see* ECF No. 59-3 ¶ 12), without the signature of Plaintiff's counsel, (*see* ECF No. 59-2 at 8), and contains facts to which one Party objects and/or contends are "immaterial." (*See generally* ECF No. 59-2.) Indeed, Defendant admits as much when it argues that the Joint Statement "provid[es] a single reference for each Party's asserted undisputed material facts regarding the Motion for Summary Judgment, together with each Party's response to the other's asserted facts." (*See* Strike Opp'n at 7.) Nonetheless, Defendant indicates its belief that this document "is potentially helpful to the Court" and that, "[i]f the Court does not find the Joint Statement helpful, the Court can of course disregard it." (*See id.*)

Defendant has, essentially, filed a separate statement of facts.  If the Court found such filings helpful, it would request them.  Instead, the Court has explicitly instructed parties *not* to file them, *see* Standing Order for Civil Cases § III.B.6 ("Separate Statements of Fact *may not* be filed unless leave of Court has been granted." (emphasis in original)), and has instead mandated parties to meet and confer to arrive at a *jointly* acceptable statement of undisputed material facts.  Like Plaintiff, the Court does not appreciate that Defendant only sent an initial draft of the filing to Plaintiff's counsel at 5:45 p.m. two days before the filing deadline.  (*See* ECF No. 63-1 at 7–29.)  Further, the ensuing meet-and-confer efforts—which appear to have been conducted entirely over the course of email, (*see generally* ECF No. 63-1)—clearly were not "sufficient," (*see id.* at 167), as they did not result in an actual joint filing.[2]  Failure to comply in good faith with the Court's directive is "unacceptable" and "disappoint[ing]," *see Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, 612 F. Supp. 3d 1131, 1136 (S.D. Cal. 2020), and "future failures to abide by the undersigned's Standing Order for Civil Cases may result in the imposition of sanctions."  *See Goro v. Flowers Foods, Inc.*, No. 17-CV-2580 TWR (JLB), 2021 WL 4295294, at *1 n.2 (S.D. Cal. Sept. 21, 2021) (quoting *Kurin, Inc. v. Magnolia Med. Techs., Inc.*, 473 F. Supp. 3d 1117, 1125 n.1 (S.D. Cal. 2020)); *Gaxiola v. United States*, No. 19-CV-947 TWR (AGS), 2021 WL 4168181, at *2 n.1 (S.D. Cal. Sept. 14, 2021) (same).

Accordingly, the Court **GRANTS** Plaintiff's *Ex Parte* Application to Strike and **STRIKES** Defendant's Joint Statement, which is filed at ECF No. 59-2.  To aid the Court and the Parties in preparation for the November 13, 2025 hearing, the Parties **SHALL MEET AND CONFER *in person*** on or before 5:00 p.m. on October 21, 2025, and

---

[2]   Ideally, of course, Plaintiff would have read the undersigned's Standing Order for Civil Cases and been aware of the requirement, (*see* ECF No. 63-1 at 32); however, because the Motion for Summary Judgment was filed by Defendant, ultimately it was incumbent on *Defendant* to coordinate the filing of a Joint Statement of Undisputed Facts sufficiently in advance of the filing deadline or, failing that, to request an extension of time within which to do so.

Defendant **SHALL FILE** a fulsome and truly joint statement of undisputed material facts on or before 5:00 p.m. on October 23, 2025.

### B. Ex Parte *Application for Leave to File Sur-Reply*

Plaintiff also seeks the Court's leave "to file a sur-reply to address Costco's ambitious and novel evidentiary objection designed to suppress in its entirety the deposition of Costco employee Elizabeth Escobedo," (*see Ex Parte* App. for Sur-Reply at 1), which were first raised in Defendant's reply brief. (*See* ECF No. 59 at 9–10.) Defendant responds that "the inclusion of evidentiary objections in a Reply brief cannot be 'a valid reason for such additional briefing' . . . as it is simply a routine circumstance already contemplated by the Standing Order." (*See* Sur-Reply Opp'n at 5 (quoting *NJOY, LLC v. Imiracle HK Ltd.*, No. 24-cv-00397-BAS-JLB, 2024 WL 4774890, *1 (S.D. Cal. Nov. 13, 2024)).)

Neither the Federal Rules of Civil Procedure nor this District's Local Rules provide a right to file a sur-reply. Instead, "permitting the filing of a sur-reply is within the discretion of the district court," *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-CV-01118-BEN-BLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018), and sur-replies should be allowed "only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (internal quotation marks omitted).

Although the Court agrees with Defendant that Plaintiff's counsel should perhaps have anticipated Defendant's arguments, (*see* Strike Opp'n at 5–6; *see also* ECF No. 61-2 at 3; ECF No. 62-1), the evidentiary objections Plaintiff seeks to address in her sur-reply were briefed for the first time in Defendant's Reply, rendering this one of the rare instances in which a sur-reply may be warranted.[3] This is not a reflection on the merits of

---

[3]  To the extent Defendant appears to argue that the undersigned's Standing Order for Civil Cases forecloses the filing of a sur-reply to address evidentiary objections raised in a reply, (*see* Sur-Reply Opp'n

Defendant's argument, but rather a desire on the part of the Court to be fully briefed on the matter in advance of the November 13, 2025 hearing. Accordingly, the Court **GRANTS** Plaintiff's *Ex Parte* Application for Sur-Reply. Plaintiff **MAY FILE** a sur-reply addressing Defendant's arguments regarding the admissibility of Ms. Escobedo's deposition, not to exceed five (5) pages, on or before 5:00 p.m. on October 23, 2025.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's *Ex Parte* Applications (ECF Nos. 60, 61). As a result, the Court **STRIKES** Defendant's Joint Statement of Undisputed Material Facts Pertaining to Defendant Costco Wholesale Corporation's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (ECF No. 59-2) and **ORDERS** the Parties to meet and confer, ***in person***, regarding a mutually acceptable joint statement of undisputed material facts on or before 5:00 p.m. on October 21, 2025. Defendant **SHALL FILE** a replacement joint statement on or before 5:00 p.m. on October 23, 2025, and Plaintiff **MAY FILE** a sur-reply addressing Defendant's arguments regarding the admissibility of Ms. Escobedo's deposition, not to exceed five (5) pages, on or before 5:00 p.m. on October 23, 2025

**IT IS SO ORDERED.**

Dated: October 15, 2025

_____
Honorable Todd W. Robinson
United States District Judge

---

at 5 (citing Standing Order for Civil Cases § III.B.4)), the Court does permit the filing of a sur-reply with leave of the Court, *see* Standing Order for Civil Cases § III.B.5, as Plaintiff requests here.